## MARGARITA CRUZ

*v.*

## NEW YORK & PORTO RICO STEAMSHIP COMPANY.

San Juan, Law, No. 915.

NATIONAL EMPLOYERS' LIABILITY ACT.

The Employers' Liability Act, Porto Rico.

1. The act of Congress as to employers' liability applies to territories, therefore to Porto Rico, which is not of a higher grade than a territory.

Employers' Liability Act, National and Local.

2. The national liability act, like the acts of Congress as to commerce, is exclusive where it applies. A suit cannot be brought under the local legislation of Porto Rico, under the conditions named in that of the national act.

Opinion filed May 2, 1913.

*Mr. Hugh R. Francis* for plaintiff.

*Mr. N. B. K. Pettingill* for defendant.

HAMILTON, Judge, delivered the following opinion:

This comes before the court at the present time upon a mo-

NOTE.—The authorities on the constitutionality, application, and effect of the Federal employers' liability act are collated in an extensive note in 47 L.R.A.(N.S.) 38.

tion of the defendant to direct a verdict for the defendant at the close of the plaintiff's evidence. It concerns the liability of a person who is negligent, to those who are injured by his negligence or that of his representatives. It would seem that the facts of this case relate to an employee of the defendant, and the court will consider the evidence as applicable to an employee.

The question raised is, Under which act is this suit brought, —under the act of the legislature of Porto Rico, or under the act of Congress? As to that, the court feels itself shut up by the decisions of the Supreme Court. The Foraker act, and the construction under it, seem to reserve the right to Congress to legislate for Porto Rico; it has repeatedly done so, generally, however, mentioning Porto Rico by name.

In this case we have have an act of Congress regulating the liability of employers to employees, and Congress has seen fit to express and limit the liability in one direction. It creates, as these cases say, a new liability, in derogation of the common law, or whatever corresponds to the common law in any jurisdiction, and it limits the recovery to the personal representative. Why, it is not for the courts to say. The Supreme Court seems unable to solve the question why that was done, but yields to the fact that it was done; and I am of the opinion, and so hold, that the national employers' liability act applies to Porto Rico, and is necessarily exclusive. It cannot apply unless it is exclusive. It is legislation covering a general subject, and the rule is, that, even in the states where a subject can be regulated by Congress, and has not been, the local law holds until Congress acts; that is particularly so as to commerce laws. The same principle, although perhaps not exactly the same phase of it, I

Cruz v. New York & Porto Rico Steamship Co.

think applies here. Porto Rico could legislate as to employers' liability on the docks, or anywhere else within the jurisdiction of Porto Rico, until Congress does act.

The court does not see on what ground this act of Congress could be said not to apply to Porto Rico. It applies to territories, and Porto Rico is not as yet of a higher grade than a territory, even if it is technically a territory. And the court therefore feels shut up by the decisions to hold that the National employers' liability act applies to Porto Rico, and is exclusive within its bounds, only, of course, as to cases arising, for instance, on the docks in connection with interstate commerce in Porto Rico.

For that reason the court will have to grant the motion. In that view of it, gentlemen of the jury, it has become a law matter, with which you have but little to do except to carry out the direction of the court.

The defendant has asked that the court instruct the jury to find a verdict for the defendant, and, on the law as argued and examined by the court, it is the court's duty to give that charge. This has nothing to do with the facts of the case at all. It is a pure question of law, and it is your duty to carry out the direction of the court; that is, you select a foreman and bring in a verdict for the defendant. The form will be: We, the jury, find for the defendant, by direction of the court.

(The form of verdict is presented to the jury and signed.)

Mr. Francis: Your Honor will kindly give us an exception to the instructions and to the ruling upon the motion, and I will ask your Honor to give me five days in which I can draw up my exceptions in better form.

The Court: There is no objection to that, I presume.

Cruz v. New York & Porto Rico Steamship Co.

Mr. Pettingill: No, as much time as counsel desires.

The Court: I would be very glad to see the case taken up to the Supreme Court, and will facilitate it in any way I can.